**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 19, 2006[*]
Decided June 20, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4125

| | |
|---|---|
| JOHN DAGGETT,<br>　　　*Plaintiff-Appellant,*<br><br>　　v.<br><br>RICHARD WOLLANGK, et al.,<br>　　　*Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 05-C-0084<br><br>William C. Griesbach,<br>*Judge.* |

**O R D E R**

John Daggett sued officers of the Oshkosh Police Department under 42 U.S.C. § 1983 for using excessive force in subduing him with a Taser stun gun.  He alleged various injuries and sought $2.5 billion in damages.  The district court dismissed Daggett's case with prejudice for failing to follow its discovery orders.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

An officer was dispatched to Daggett's house after a neighbor reported an incident between the two. The officer believed that Daggett was sitting near a large knife and asked him to move away from it. The parties dispute what happened next but the defendants concede that Daggett was stunned at least twice with the Taser and then taken to a hospital. Daggett alleged that he was beaten, kicked, shot, stunned at least twenty times, and taken to, though not treated at, the hospital.

The discovery problems began when the officers requested that Daggett authorize the release of his medical records and—because they believed he put his medical condition in issue—submit to a medical examination. *See* Fed. R. Civ. P. 35(a). Daggett refused. The court told him at a scheduling conference that he had to sign the authorization form and submit to an examination or his case would be dismissed. Still, Daggett refused. The officers then moved to compel Daggett to sign the authorization form and undergo an examination, though they did not specify a physician or time or place for the examination.

The court ordered Daggett to sign the authorization form and to cooperate with the defendants in arranging a medical examination. In the order the court warned him again that failure to comply would result in dismissal. What Daggett eventually submitted were reports from doctors he purportedly saw in Germany, though all but one of those reports are in German and not translated. He also signed the bottom of the authorization form but did not initial or mark certain provisions that would have established his consent to the release of the information. Fed up, the defendants moved for dismissal based on Daggett's failure to comply with the court's orders, *see* Fed. R. Civ. P. 41(b), and submitted his deposition in support of the motion. In that deposition Daggett asserted that he would not complete the authorization form or submit to an independent medical examination. In fact, he barely participated in the deposition at all, giving evasive and non-responsive answers to questions. The court granted the motion and dismissed the case under Rule 41(b).

Daggett's brief on appeal is much like his filings in the district court: rambling, inconsistent, and incoherent. As best we can tell, his only argument challenging the court's dismissal under Rule 41(b) is that he complied with the court's order. He says that he signed the medical authorization form and underwent a medical examination in Germany, so the court abused its discretion in dismissing his case.

Abuse of discretion is the proper standard of review, *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998), though we find none here. Dismissals under Rule 41(b) are justified by contumacious conduct, *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), and here Daggett flouted the court's order by refusing

to complete the authorization form or undergo a medical examination. Though he baldly claims that he complied with the order, he points to nothing in the record to show that he completed the authorization form; to the contrary, his deposition testimony reflects that he had no intention of doing so.

Nor has he shown that he complied with the court's order regarding a medical examination. He maintains that the reports from his German doctors show that he did undergo an appropriate medical exam. Only one of those reports has been translated from German, *see Tippecanoe Beverages, Inc. v. S.A. El Aguila Brewing Co.*, 833 F.2d 633, 636 (7th Cir. 1987) (remarking that untranslated document "might just as well have been written in Egyptian hieroglyphics and placed in evidence in a trial completed before the discovery of the Rosetta Stone"), and the report that is translated is unsigned and looks suspiciously like documents Daggett himself created. But even if we could understand the reports and believed them to be authentic, they do not show that Daggett complied with the court's order. What the court ordered was for him to *cooperate in arranging* an appropriate examination with the defendants. Flying to Germany for a medical exam because he prefers German doctors, if that is indeed what he did, was not arranged in cooperation with the defendants.

The dismissal is AFFIRMED.